FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2011 MAR 30  PM 4: 00

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| UNITED STATES OF AMERICA | CASE NO.: 2: 11cr38 - Ftm 36DNF |
| | |
| v. | Ct. 1:    18 U.S.C. § 371 |
| | Ct. 2:    18 U.S.C. § 656, 2 |
| | Ct. 3:    18 U.S.C. § 1005, 2 |
| JERRY J. WILLIAMS | Ct. 4:    18 U.S.C. § 656, 2 |
| | Ct 5.    18 U.S.C. § 1005, 2 |
| | Ct 6:    18 U.S.C. § 656, 2 |
| | Ct 7.    18 U.S.C. § 1005, 2 |
| | Ct. 8:    18 U.S.C. § 1001 |
| | Cts. 9-10:    18 U.S.C. § 1343, 2 |
| | Ct. 11:    18 U.S.C. § 1341, 2 |
| | Cts. 12-13:    18 U.S.C. § 1957, 2 |

Forfeiture:      18 U.S.C. § 982(a)(1)
                 18 U.S.C. § 982(a)(2)
                 18 U.S.C. § 982(a)(3)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### (Conspiracy)

A. Introduction

At all times material to this Indictment, unless otherwise specified:

1.      Orion Bank was a state chartered financial institution headquartered in Naples, Florida, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation (hereinafter, "FDIC").  Orion Bancorp, Inc. was a bank holding company registered as the parent company for Orion Bank.

2.      The FDIC was the federal agency responsible for, among other things, insuring bank deposits, bank supervision and examination, and managing receiverships of failed financial institutions.

3.      The Federal Reserve Board of Governors was the federal agency (hereinafter, "Federal Reserve") within the Federal Reserve System charged with supervising and regulating banking institutions to ensure the safety and soundness of the nation's banking and financial system and to protect the credit rights of consumers.

4.      Orion Bank was a member of the Federal Reserve System; therefore the Federal Reserve had the authority to inspect and regulate the financial activities of Orion Bank through the bank examination process.  Orion Bank was a state-chartered bank; therefore the Florida Office of Financial Regulation also had bank regulatory authority.

5.      Orion Bancorp, Inc. was a bank holding company registered with the Federal Reserve System; therefore, the Federal Reserve had the authority to inspect and regulate the financial activities of Orion Bancorp, Inc. through the inspection process.

6.       Orion Bank was required to file a *Report of Condition and Income* (hereinafter, "Call Report") with the FDIC at the end of each banking quarter which set forth financial data about the bank's financial position as the result of its operations for that quarter.

7.      Orion Bancorp, Inc. was required to file a *Parent Company Only Financial Statements for Large Bank Holding Companies* form FR Y-9LP

(hereinafter, "Y9") with the Federal Reserve at the end of each banking quarter incorporating financial data about the holding company's financial position as the result of its operations for that quarter.

8.     The State of Florida's legal lending limit, expressed as a percentage of the bank's capital and surplus, was established by law for all state chartered banks, and was the maximum amount of money a bank could lend to a single borrower or a combination of financially related borrowers.

9.     Defendant **JERRY J. WILLIAMS** was the President, Chief Executive Officer, and Chairman of the Board of Orion Bancorp, Inc. and Orion Bank.  As such, **WILLIAMS** had a fiduciary duty and obligation to act in the best interest of the bank, its shareholders, and its depositors at all times and to disclose all material facts relating to business transactions **WILLIAMS** engaged in on behalf of the bank.

10.     Thomas B. Hebble worked in the Naples, FL, headquarters of Orion Bank and held the title of Executive Vice-President.  As such, Hebble had a fiduciary duty and obligation to act in the best interest of the bank, its shareholders, and its depositors at all times and to disclose all material facts relating to business transactions Hebble engaged in on behalf of the bank.

11.     Angel P. Guerzon, Jr. worked in the Palm Beach Garden, FL, office of Orion Bank and held the title of Senior Vice-President.  As such, Guerzon had a fiduciary duty to act in the best interest of the bank, its shareholders, and its depositors at all times and to disclose all material facts relating to business transactions Guerzon engaged in on behalf of the bank.

3

12.    Francesco E. Mileto was a Florida resident who obtained loans in excess of $40 million from Orion Bank prior to June 2009, by submitting fraudulent financial documentation including reporting millions of dollars in yearly income from an Italian family trust.

13.    The Law Firm of D.M. and M.C. was the registered agent for Florida Metro One, LLC, (hereinafter, "Florida Metro"), Southeast Retail Portfolio One, LLC, (hereinafter, "Southeast Retail"), Trust Member, LLC, and TMLS Heritage, LLC, all of which were controlled by Francesco Mileto.

14.    W.K. was a significant depositor and borrower of Orion Bank, both individually and through his corporate entities.

15.    The Orion Bank Loan Policy Manual prohibited, among other things, loans to persons of questionable honesty and loans for purposes that are not legal. The Manual also directed that all loan relationships in excess of $25 million required the approval of the Orion Bank Board of Directors Credit Committee, (hereinafter, "Board Loan Committee") of which Defendant **JERRY J. WILLIAMS** was the Chairman.

16.    On or about August 25, 2008, Orion Bank entered into a formal Written Agreement with the Federal Reserve pursuant to which Orion Bank was directed, among other things, to submit a capital plan to the Federal Reserve that would require Orion Bank to maintain sufficient monetary reserves.

17.    On or about October 29, 2008, in an unsuccessful attempt to raise capital, Orion Bancorp, Inc. filed an application requesting $64 million in TARP funds with the Federal Reserve, under the Capital Purchase Program.

4

B. Charges

From on or about May 1, 2009, through on or about November 9, 2009, in the

Middle District of Florida, and elsewhere,

**JERRY J. WILLIAMS,**

the defendant herein, did unlawfully, knowingly and willfully combine, conspire,

confederate and agree with Thomas Hebble, Angel Guerzon, Francesco Mileto,

and other individuals both known and unknown to the grand jury to:

  a.  defraud the United States by impeding, impairing, obstructing and

defeating by deceit, trickery and dishonest means, the lawful governmental

functions of the Federal Reserve in the administration of its examination function;

and

  b.  commit offenses against the United States, that is:

    i)  being an officer, director, agent or employee of Orion Bank,

an FDIC insured bank, with intent to injure and defraud Orion Bank, willfully

misapplied money, funds, and credits of Orion Bank in violation of Title 18,

United States Code, Section 656; and

    ii)  being an officer, director, agent, and employee of Orion Bank,

an FDIC insured bank, knowingly and with the intent to defraud and deceive

Orion Bank, the Federal Reserve, the FDIC, and any agent or examiner

appointed to examine the affairs of such bank, knowingly made one or more

false entries in the books, reports, and statements of Orion Bank, in

violation of Title 18, United States Code, Section 1005; and

5

iii)     to falsify, conceal and cover up a material fact by trick, scheme, and device and to make materially false, fraudulent and fictitious statements in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001; and

iv)     to unlawfully, willfully, and knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain moneys, funds, assets, credits, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344; and

v)     to corruptly obstruct or attempt to obstruct an examination of a financial institution by an agency of the United States with jurisdiction to conduct examinations of such financial institution in violation of Title 18, United States Code, Section 1517.

C. The Manner and Means of the Conspiracy

18.     It was a part of the manner and means of the conspiracy that Defendant **JERRY J. WILLIAMS,** Thomas Hebble, and Angel Guerzon would and did orchestrate a scheme to loan money to nominee entities controlled by Francesco Mileto in order to enable Mileto to purchase promissory notes secured by mortgages on distressed properties from Orion Bank, thereby creating the fraudulent illusion on the bank's call report that non-performing loans were

6

performing loans, resulting in a misrepresentation to Federal and State bank examiners that Orion Bank's financial condition was significantly better than it was in truth and fact.

19.     It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS,** Thomas Hebble, Angel Guerzon and others would and did cause the creation of two limited liability companies, Florida Metro and Southeast Retail, to serve as nominee borrowers for the purposes set forth in ¶18, to conceal the fact that Mileto was the true borrower, because any additional loan amounts to Mileto would exceed the State of Florida's legal lending limit.

20.     It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS** and others would and did solicit Francesco Mileto to purchase Orion Bancorp, Inc. stock as part of a plan to raise capital for Orion Bank.

21.     It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS,** Thomas Hebble, and others would and did devise and execute a scheme to loan Francesco Mileto $15 million for the purchase of Orion Bancorp, Inc. stock through a series of fraudulent transactions designed to conceal the fact that Orion Bank was financing Mileto's stock purchase, despite knowing that such financing violated banking laws and regulations.

22.     It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS** would and did direct Thomas Hebble, Angel Guerzon, and others to increase the amount of loans-in-process to both Florida Metro and Southeast Retail to $41 million per entity, resulting in a total loan package to these entities of

$82 million, in order to provide and conceal $15 million of financing to Francesco Mileto to be used for the purchase of Orion Bancorp, Inc. stock.

23.    It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS,** Thomas Hebble, and Angel Guerzon would and did cause and permit the $82 million loan transactions to Florida Metro and Southeast Retail to occur despite knowing the following:  (a) the borrowers were nominee entities controlled by Francesco Mileto; (b) the nominee entities were not creditworthy; (c) the bank had information Mileto had previously submitted fraudulent financial documentation to Orion Bank including, but not limited to, altered foreign and domestic bank statements, as well as fake trust documents, in support of current and previous loan transactions; and (d) the loans fraudulently provided and concealed $15 million of funding from Orion Bank for the purchase of Orion Bancorp, Inc. stock by Mileto.

24.    It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS** would and did direct that the loans to Florida Metro and Southeast Retail be closed on or before June 30, 2009, the end of the banking quarter, to provide funding for the stock sale in order to fraudulently create the appearance of a legitimate capital infusion within the books and records of Orion Bank and Orion Bancorp, Inc.

25.    It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS** would and did direct or cause non-performing assets of Orion Bank to be fraudulently recorded as performing assets within the books and records of Orion Bank and Orion Bancorp, Inc.

8

26. It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS,** Thomas Hebble, Angel Guerzon, and others would and did provide, and cause to be provided, false documentation, to Federal and State bank examiners, designed to mislead such regulatory authorities as to the true source of the capital infusion, and the true financial condition of Orion Bank.

27. It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS,** Thomas Hebble, and others would and did solicit W.K., an Orion Bank depositor and borrower, to purchase Orion Bancorp, Inc. stock as part of the plan to raise capital for Orion Bank.

28. It was further a part of the conspiracy that Defendant **JERRY J. WILLIAMS,** would and did instruct Thomas Hebble and others to increase the construction and development portion of a loan in process to two of W.K.'s corporate entities in order to provide and conceal $7 million of partial financing to W.K. for his purchase of $10 million of Orion Bancorp, Inc. stock.

29. It was further a part of the conspiracy that the defendant and others would and did perform, act, and make statements, to hide and conceal, and cause to be hidden and concealed, the purposes of, and the acts done in furtherance of, said conspiracy.

### D. Overt Acts

In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, Defendant **JERRY J. WILLIAMS** and other conspirators, known and unknown to the grand jury, committed and caused to be committed the following

Overt Acts within the Middle District of Florida and elsewhere, which are described in substance below:

(1)     On or about May 1, 2009, Thomas Hebble, Angel Guerzon, Francesco Mileto, and others met to discuss Orion Bank lending money to Francesco Mileto for the purchase of notes associated with distressed properties in a manner which disguised the fact that Mileto was the actual borrower because additional loans from Orion Bank to Mileto, or any entities related to Mileto, would violate the State of Florida's legal lending limit.

(2)     On or about May 5, 2009, Francesco Mileto approved a proposed corporate structure to be sent to Angel Guerzon which established two nominee borrowing entities in order to achieve the objectives described in ¶(1).

(3)     On or about May 19, 2009, Defendant **JERRY J. WILLIAMS**, Francesco Mileto, and others met in Fort Lauderdale, Florida, and discussed Orion Bank providing financing to Francesco Mileto for the purchase of Orion Bancorp, Inc. stock.

(4)     In or about the end of May, 2009, Defendant **JERRY J. WILLIAMS** met with W.K. and discussed Orion Bank providing financing to W.K. for the purchase of Orion Bancorp, Inc. stock.

(5)     On or about June 10, 2009, Francesco Mileto caused Articles of Incorporation to be filed with the State of Florida for Florida Metro to serve as one of the two nominee borrowing entities referred to in ¶(2).

(6)    On or about June 12, 2009, Francesco Mileto caused Articles of Incorporation to be filed with the State of Florida for Southeast Retail to serve as the second borrowing entity referred to in ¶(2).

(7)    From on or about June 12, 2009, to on or about June 17, 2009, Defendant **JERRY J. WILLIAMS** directed Thomas Hebble, Angel Guerzon, and others to increase the amount of the loans, referred to in ¶(1) above, to a total of $82 million, including $26.5 million in lines of credit, in order to provide and conceal $15 million within the lines of credit for the purchase of Orion Bancorp, Inc. stock, despite knowing that banking laws and regulations prohibited Orion Bank, or any other financial institution, from loaning funds to a borrower to purchase the bank's, or its affiliates', own stock.

(8)    From on or about June 12, 2009, through on or about July 8, 2009, Defendant **JERRY J. WILLIAMS** directed Thomas Hebble, and others to increase the financing for loans in process to two of W.K.'s corporate entities to $18 million, in order to provide and conceal $7 million of financing for the purchase of Orion Bancorp, Inc. stock, as set forth in ¶(4) above, despite knowing that banking laws and regulations prohibited Orion Bank, or any other financial institution, from loaning funds to a borrower to purchase the bank's, or its affiliates', own stock.

(9)    On or about June 17, 2009, Defendant **JERRY J. WILLIAMS** caused a loan package for $18 million to W.K.'s corporate entities to be presented for approval to the Orion Bank Board Loan Committee, despite knowing that the loan package contained materially false and misleading information.

(10)   On or about June 17, 2009, Defendant **JERRY J. WILLIAMS** caused Thomas Hebble to present the loan packages totaling $82 million, including lines of credit in the amount of $14.5 million and $12 million respectively, to Florida Metro and Southeast Retail, for approval to the Orion Bank Board Loan Committee, despite knowing that the loan packages contained materially false and misleading information.

(11)   On or about June 24, 2009, Defendant **JERRY J. WILLIAMS** caused the sale of 156,250 shares of Orion Bancorp, Inc. common stock and 5,000 shares of Orion Bancorp, Inc. preferred stock to W.K. for the sum of $10 million, 70% of which was financed by loans from Orion Bank.

(12)   On or about June 26, 2009, Defendant **JERRY J. WILLIAMS**, Thomas Hebble, and others created an escrow agreement designed to maintain control of the $15 million designated for the Orion Bancorp, Inc. stock purchase concealed within the Florida Metro and Southeast Retail loan transactions to ensure that the money was not stolen by Francesco Mileto.

(13)   On or about June 26, 2009, Defendant **JERRY J. WILLIAMS**, Thomas Hebble, and others caused the following wire transfers to occur via the Federal Reserve's secure financial transmission system, Fedwire, which maintained its only transmission hub in New Jersey, in order to fund the lines of credit, associated with the loans to Florida Metro and Southeast Retail, that were to be used for the Orion Bancorp, Inc. stock purchase by Francesco Mileto:

| FROM/TO | AMOUNT | BENEFIT OF | WIRE REFERENCE |
|---|---|---|---|
| Orion Bank to the closing agent's escrow account with Mellon United National Bank | $14,500,000.00 | Florida Metro One, LLC | Line of Credit |
| Orion Bank to the closing agent's escrow account with Mellon United National Bank | $12,000,000.00 | Southeast Retail Portfolio One, LLC | Line of Credit |

(14)    From on or about June 1, 2009, to on or about June 29, 2009, Defendant **JERRY J. WILLIAMS** directed Thomas Hebble, Angel Guerzon and others to waive numerous closing requirements, including personal guarantees, to ensure that the loans to Florida Metro and Southeast Retail would close, in order to create the illusion of a legitimate $15 million capital infusion into Orion Bancorp, Inc., prior to the end of the banking quarter on June 30, 2009.

(15)    On June 29, 2009, Defendant **JERRY J. WILLIAMS** directed Thomas Hebble to instruct closing agents to waive the requirement for the escrow agreement, referred to in ¶(12) above, in order to ensure the completion of the transaction and to conceal the fact that the bank was the true source of the $15 million used for the stock purchase.

(16)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS** directed or caused the loan packages for Florida Metro and Southeast Retail, originally submitted on June 17, 2009, to be modified by removing Francesco Mileto's Bank of America certificate of deposit as collateral.

13

(17)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS** caused Thomas Hebble to re-present the loan packages for Florida Metro and Southeast Retail, for approval, to the Orion Bank Board Loan Committee regarding the loan transactions totaling $82 million, including lines of credit in the amount of $14.5 million and $12 million respectively, despite knowing that the loan packages contained materially false and misleading information.

(18)    On or about June 29, 2009, Francesco Mileto caused the Articles of Organization to be filed in the State of Florida establishing TMLS Heritage, LLC.

(19)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS** and others caused a stock subscription agreement to be signed in the name of V.M., a relative of Francesco Mileto, in order to obscure Francesco Mileto's involvement in the $15 million Orion Bancorp, Inc. stock purchase.

(20)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS** authorized the issuance of 234,375 shares of Orion Bancorp, Inc. common stock and 7,500 shares of Orion Bancorp, Inc. preferred stock to TMLS Heritage, LLC, an entity controlled by Francesco Mileto, for the sum of $15 million that was provided by Orion Bank.

(21)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS** and Thomas Hebble caused the first funding instruction for the loans to Florida Metro and Southeast Retail to be worded as: "Wire to Lender funds in the amount of $15,000,000 at the direction of Southeast Retail and Florida Metro and for the account of Frank Mileto, for purposes determined between Lender and Frank Mileto."

(22)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS** instructed Thomas Hebble and Angel Guerzon to close the loans with Florida Metro and Southeast Retail despite knowing the following: (a) the borrowers were nominee entities controlled by Francesco Mileto; (b) the nominee entities were not creditworthy; (c) the bank had information Mileto had previously submitted fraudulent financial documentation to Orion Bank including, but not limited to, altered foreign and domestic bank statements, as well as fake trust documents, in support of current and previous loan transactions; and (d) the loans fraudulently provided and concealed $15 million of funding from Orion Bank for the purchase of Orion Bancorp, Inc. stock by Mileto.

(23)    On or about June 29, 2009, Angel Guerzon, at the direction of Defendant **JERRY J. WILLIAMS** and Thomas Hebble, signed the Florida Metro and Southeast Retail loan agreements on behalf of Orion Bank.

(24)    On or about June 29, 2009, Defendant **JERRY J. WILLIAMS**, Thomas Hebble, Angel Guerzon, and others caused the following wire transfer to occur via the Federal Reserve's secure financial transmission system, Fedwire, which maintained its only transmission hub in New Jersey, in order to fraudulently fund the lines of credit, associated with the loans to Florida Metro and Southeast Retail, that were to be used for the purchase of Orion Bancorp, Inc. stock by Francesco Mileto:

| FROM | TO | AMOUNT |
|------|----|--------|
| Closing Agent's escrow account with Mellon United National Bank | Francesco Mileto's attorney's trust account with BankUnited | $26,500,000.00 |

(25)    On or about June 30, 2009, Francesco Mileto completed the roundtrip transaction by causing the following wire transfer to occur for the purchase of Orion Bancorp, Inc. stock, via the Federal Reserve's secure financial transmission system, Fedwire, which maintained its only transmission hub in New Jersey:

| FROM | TO | AMOUNT |
|------|----|--------|
| Francesco Mileto's attorney's trust account with BankUnited | Orion Bank | $15,000,000.00 |

(26)    On or about June 30, 2009, Defendant **JERRY J. WILLIAMS** caused the $15 million stock purchase by Francesco Mileto to be fraudulently categorized as new capital on the June 30, 2009 call report filed with the FDIC, despite knowing that the $15 million used to purchase the stock was loaned by Orion Bank to Mileto.

(27)    On or about July 2, 2009, Defendant **JERRY J. WILLIAMS** sent a message via electronic mail from Orion Bank, Naples, Florida, to an officer of the

Federal Reserve Bank, located in Atlanta, Georgia, falsely stating, "We raised the $25 million from private individuals and without any financing."

(28)    On or about July 8, 2009, Orion Bank funded the loan to W.K.'s corporate entities, and on July 10, 2009, Defendant **JERRY J. WILLIAMS** caused a transfer of $7 million to W.K.'s personal accounts as partial financing for W.K.'s stock purchase referred to in ¶(8) above.

(29)    On or about July 23, 2009, Defendant **JERRY J. WILLIAMS** attended a meeting in Washington, D.C., with officers of the Federal Reserve, wherein **WILLIAMS** falsely represented that $25 million in capital was raised through independent investors and the bank did not finance the stock sales.

(30)    On or about August 20, 2009, in response to a request from Orion Bank for additional information to support the June 29, 2009 loans, Francesco Mileto caused a personal financial statement for V.M., fraudulently showing assets of more than $624 million, to be sent to Defendant **JERRY J. WILLIAMS** and Thomas Hebble.

(31)    On or about August 21, 2009, Defendant **JERRY J. WILLIAMS** caused to be filed with the FDIC an amended version of the June 30, 2009 call report fraudulently representing that Orion Bank had a net increase in capital attributable to transactions with the parent holding company of $29,535,000.

(32)    On or about September 8, 2009, Angel Guerzon, at the direction of Defendant **JERRY J. WILLIAMS** and Thomas Hebble, prepared a fraudulent memorandum for the loan files stating that an attorney in Italy could provide neither positive nor negative information regarding the authenticity of the documentation

submitted by Francesco Mileto.  **WILLIAMS** had previously been told that the attorney in Italy had raised serious concerns as to the validity of the foreign bank account and trust documents.

(33)    On or about September 8, 2009, in response to a request from bank regulators for additional information regarding the lines of credit associated with the June 29, 2009 loans, Francesco Mileto, at the request of Thomas Hebble, caused a letter to be sent to Orion Bank which falsely stated that Mileto had allocated the sum of $25 million for the purchase of Copley Place, LLC, Boston, Massachusetts.

(34)    On or about September 10, 2009, in response to a request from Orion Bank for additional information to support the June 29, 2009 loans, Francesco Mileto caused a fraudulent Bank of America account statement in the name V.M. to be sent via electronic mail to Thomas Hebble reflecting that $15 million had been debited from V.M.'s account on June 30, 2009.

(35)    On or about September 11, 2009, Defendant **JERRY J. WILLIAMS** caused to be filed with the Federal Reserve, an amended version of the June 30, 2009 Y9 which falsely reported that payments for investments in, and advances to, Orion Bancorp, Inc. subsidiaries totaled $29,535,000, including $12.5 million from the sale of common stock and $12.5 million from the sale of preferred stock.

(36)    The grand jury re-alleges and incorporates by reference the acts alleged in Counts Two through Thirteen of this Indictment as overt acts as though fully set forth herein.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### (Misapplication of Bank Funds)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about June 29, 2009, in the Middle District of Florida and elsewhere,

### JERRY J. WILLIAMS,

the defendant herein, being an officer, director, agent, and employee of Orion Bank, an FDIC insured bank, with intent to injure and defraud Orion Bank, willfully misapplied money, funds, and credits of Orion Bank, in that **WILLIAMS** caused fraudulent loans totaling $41 million, including a $14.5 million line of credit, to be made to Florida Metro despite knowing the following: (a) the borrower was a nominee entity controlled by Francesco Mileto; (b) the nominee entity was not creditworthy; (c) the bank had information Mileto previously submitted fraudulent financial documentation to Orion Bank in support of current and previous loan transactions; and (d) the loans fraudulently provided and concealed $15 million of funding from Orion Bank for the purchase of Orion Bancorp, Inc. stock by Mileto.

All in violation of Title 18, United States Code, Sections 656 and 2.

## COUNT THREE

### (False Bank Entries, Reports, and Transactions)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about June 29, 2009, in the Middle District of Florida and elsewhere,

**JERRY J. WILLIAMS,**

the defendant herein, being an officer, director, agent, and employee of Orion

Bank, an FDIC insured bank, without authority from the Board of Directors of Orion

Bank, knowingly and with the intent to deceive Orion Bank and the Federal

Reserve and any agent and examiner appointed to examine the affairs of such

bank, did knowingly make one or more false entries in the books, reports, or

statements of Orion Bank in that **WILLIAMS** caused loan packages containing

false and misleading information to be presented to the Orion Bank Board Loan

Committee on behalf of Florida Metro, to wit: 1) the loan package identified Florida

Metro as the master borrower when, in truth and fact, as the defendant well knew,

Florida Metro was a nominee entity and the true borrower was Francesco Mileto;

and 2) the loan package stated that the funding of the balance of the line "will be

use *(sic)* exclusively for the purchase of real estate assets" when, in truth and fact,

as the defendant well knew, the $14.5 million line of credit would not be used

exclusively for the purchase of real estate assets, but was to be used in part for the

illicit purchase of Orion Bancorp, Inc. stock.

All in violation of Title 18, United States Code, Section 1005 and 2.

## COUNT FOUR

### (Misapplication of Bank Funds)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about June 29, 2009, in the Middle District of Florida and elsewhere,

### JERRY J. WILLIAMS,

the defendant herein, being an officer, director, agent, and employee of Orion Bank, an FDIC insured bank, with intent to injure and defraud Orion Bank, willfully misapplied money, funds, and credits of Orion Bank, in that **WILLIAMS** caused fraudulent loans totaling $41 million, including a $12 million line of credit, to be made to Southeast Retail despite knowing the following: (a) the borrower was a nominee entity controlled by Francesco Mileto; (b) the nominee entity was not creditworthy; (c) the bank had information Mileto had previously submitted fraudulent financial documentation to Orion Bank in support of current and previous loan transactions; and (d) the loans fraudulently provided and concealed $15 million of funding from Orion Bank for the purchase of Orion Bancorp, Inc. stock by Mileto.

All in violation of Title 18, United States Code, Sections 656 and 2.

## COUNT FIVE

### (False Bank Entries, Reports, and Transactions)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

From on or about June 29, 2009, through on or about November 13, 2009, in the Middle District of Florida and elsewhere,

**JERRY J. WILLIAMS,**

the defendant herein, being an officer, director, agent, and employee of Orion Bank, an FDIC insured bank, without authority from the Board of Directors of Orion Bank, and with the intent to deceive Orion Bank and the Federal Reserve and any agent and examiner appointed to examine the affairs of such bank, did knowingly make one or more false entries in the books, reports, or statements of Orion Bank in that **WILLIAMS** caused loan packages containing false and misleading information to be presented to the Orion Bank Board Loan Committee on behalf of Southeast Retail, to wit: 1) the loan package identified Southeast Retail as the master borrower when, in truth and fact, as the defendant well knew, Southeast Retail was a nominee entity and the true borrower was Francesco Mileto; and 2) the loan package stated that the funding of the balance of the line "will be use *(sic)* exclusively for the purchase of real estate assets" when, in truth and fact, as the defendant well knew, the $12 million line of credit would not be used exclusively for the purchase of real estate assets, but was to be used in part for the illicit purchase of Orion Bancorp, Inc. stock.

All in violation of Title 18, United States Code, Section 1005 and 2.

## COUNT SIX

### (Misapplication of Bank Funds)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about July 8, 2009, in the Middle District of Florida and elsewhere,

### JERRY J. WILLIAMS,

the defendant herein, being an officer, director, agent, and employee of Orion Bank, an FDIC insured bank, with intent to injure and defraud Orion Bank, willfully misapplied money, funds, and credits of Orion Bank, in that **WILLIAMS** caused a loan-in-process to two of W.K.'s corporate entities to be increased to $18 million in order to provide and conceal $7 million of loan proceeds that would be returned to W.K., who was both a borrower and stock purchaser, as partial financing for a $10 million purchase of Orion Bancorp, Inc. stock.

All in violation of Title 18, United States Code, Section 656 and 2.


## COUNT SEVEN

### (False Bank Entries, Reports, and Transactions)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

From on or about July 21, 2009, to on or about September 11, 2009, in the Middle District of Florida and elsewhere

### JERRY J. WILLIAMS,

23

the defendant herein, being an officer, director, agent, and employee of Orion

Bank, an FDIC insured bank, without authority from the Board of Directors of Orion

Bank, and with the intent to deceive Orion Bank and the Federal Reserve and any

agent and examiner appointed to examine the affairs of such bank, did knowingly

make a false entry in the books, reports, or statements of Orion Bank and Orion

Bancorp, Inc., in that **WILLIAMS** caused the records of Orion Bank and Orion

Bancorp, Inc., including the amended versions of the June 30, 2009 call report,

filed with the FDIC, and Y9, filed with the Federal Reserve, to reflect a $29,535,000

positive change in capital for the bank, when in truth and fact, as the defendant

well knew, a substantial portion of the capital increase represented prohibited sales

of Orion Bancorp, Inc. stock that were illegally financed by Orion Bank through

loans to Florida Metro, Southeast Retail, and W.K.'s corporate entities.

All in violation of Title 18, United States Code, Section 1005 and 2.

## COUNT EIGHT

### (False Statements)

Part A of Count One of this Indictment is realleged and incorporated by

reference as if fully set forth herein.

On or about July 2, 2009, in the Middle District of Florida and elsewhere

### JERRY J. WILLIAMS,

the defendant herein, in a matter within the jurisdiction of the Federal Reserve and

the FDIC, both departments and agencies of the Executive Branch of the

Government of the United States, unlawfully, willfully, and knowingly made

materially false, fictitious, and fraudulent statements and representations, and

made and used false writings and documents knowing the same to contain material false, fictitious, and fraudulent statements, and caused material false statements to be made, in connection with Orion Bank's alleged $25 million capital raise, in that Defendant **JERRY J. WILLIAMS** sent a message via electronic mail from Orion Bank, Naples, Florida, to an officer of the Federal Reserve Bank located in Atlanta, Georgia, in which he falsely represented that Orion Bank "raised $25 million in capital from private individuals and without providing any financing," when in truth and fact, as the defendant well knew, Orion Bank financed $22 million of the $25 million in Orion Bancorp, Inc. stock purchases through loans to Florida Metro, Southeast Retail, and W.K.'s corporate entities.

All in violation of Title 18, United States Code, Section 1001.

## COUNT NINE THROUGH ELEVEN

### (Wire and Mail Fraud)

#### A. Introduction

1.      Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

#### B. Scheme

2.      From on or about June 23, 2009, to on or about June 29, 2009, within the Middle District of Florida and elsewhere,

### JERRY J. WILLIAMS,

the defendant herein, did knowingly and willfully devise and intend to devise, and participate in, a scheme and artifice to defraud and to obtain money and property

by means of materially false and fraudulent pretenses, representations, and promises.

C. <u>Manner and Means</u>

3.      It was a part of the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, that from on or about June 23, 2009, to on or about June 29, 2009, Defendant **JERRY J. WILLIAMS** sold his personal shares of Orion Bancorp, Inc. stock to three individuals (P.M., D.J., D.W.) under false pretenses for his personal financial benefit for a total of $765,600.00.

4.      It was further a part of the scheme and artifice that Defendant **JERRY J. WILLIAMS** sold his personal shares of Orion Bancorp, Inc. stock under false and fraudulent pretenses and for his personal financial gain, by concealing the fact that he was the true owner of the stock and by making the following misrepresentations to P.M, D.J. and D.W., respectively: 1) that the stock belonged to an original stockholder residing in the Florida Keys; 2) that a stockholder had developed cancer and needed to sell his stock, and; 3) that a shareholder had become very ill and needed to sell his stock.

D. <u>Execution</u>

**<u>Counts Nine and Ten</u>**

5.      On or about the dates listed below, in the Middle District of Florida, and elsewhere, Defendant **JERRY J. WILLIAMS,** for the purpose of executing, attempting to execute, and aiding and abetting the execution of aforesaid scheme and artifice to defraud and to obtain money and property by means of materially

26

false and fraudulent pretenses, representations, and promises, and affecting a financial institution, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, the below-listed transfers of funds by wire to be made by the specified financial institution or entity and to the specified recipient and for the purpose noted:

| COUNT | DATE | FROM | TO | AMOUNT | PURPOSE |
|---|---|---|---|---|---|
| 9 | 6/23/09 | P.M.'s account at First National Bank of PA, located in Greenville, PA | **Jerry Williams'** account at Bank of America NA located in Naples, FL | $332,800.00 | Orion Bancorp, Inc. stock purchase by P.M. |
| 10 | 6/23/09 | D.J.'s account at Merrill Lynch ND Co., located in NY, NY | **Jerry Williams'** account at Bank of America NA located in Naples, FL | $100,000.00 | Orion Bancorp, Inc. stock purchase by D.J. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### Count Eleven

6.     On or about June 30, 2009, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises relating to material facts,

**JERRY J. WILLIAMS,**

the defendant herein, aided and abetted by others, did knowingly cause to be deposited in Naples, Florida, some matter or thing, to wit: the stock certificate

27

representing D.W.'s purchase of Orion Bancorp, Inc. stock, for delivery by the United States Postal Service and any private and commercial interstate carrier, to Pittsburgh, Pennsylvania, according to the direction thereon,

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS TWELVE AND THIRTEEN

### (Prohibited Monetary Transactions)

Part A of Count One of this Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about the dates set forth below, in the Middle District of Florida,

### JERRY J. WILLIAMS,

the defendant herein, did knowingly and willfully engage and attempt to engage in the following described monetary transactions affecting interstate commerce in criminally derived property, each of a value greater than $10,000 and derived from specified unlawful activity, namely wire fraud (18 U.S.C. §1343), as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 12 | 7/2/09 | Check number 1029 in the amount of $276,230.49 from account no. xxxxxxxx6784 in the name of **Jerry Williams** at Bank of America N.A. to Florida Community Bank. |
| 13 | 7/20/09 | Check number 1031 in the amount of $50,000.00 from account no. xxxxxxxx6784 in the name of **Jerry Williams** at Bank of America N.A. to W.W. Capital Group. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE

1.      The allegations contained in Counts One through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1), 982(a)(2), and 982(a)(3).

2.      Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense, or a conspiracy to commit an offense, in violation of Title 18, United States Code, Section 656, 1005, 1341, 1343, and 1344 alleged in Counts One through Seven and Nine through Eleven of this Indictment, the defendant, **JERRY J. WILLIAMS**, shall forfeit to the United States of America any property constituting, or derived from, proceeds the person obtained directly and indirectly, as the result of such violation.  Such property to include, but not limited to, the following:

A sum of money equal to $765,600.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

3.      Pursuant to Title 18, United States Code, Section 982(a)(3), upon conviction of an offense in violation of Title 18, United States Code, Section 1001 alleged in Count Eight of this Indictment, the defendant, **JERRY J. WILLIAMS**, shall forfeit to the United States of America any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation.

4.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957 alleged in Counts Twelve and Thirteen of this Indictment, the defendant, **JERRY J. WILLIAMS**, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

5.      If any of the property described above, as a result of any act or omission of the defendant:

       a.      cannot be located upon the exercise of due diligence;

       b.      has been transferred or sold to, or deposited with, a third party;

       c.      has been placed beyond the jurisdiction of the court;

       d.      has been substantially diminished in value; or

       e.      has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

A TRUE BILL,

_____
Foreperson

3\30\11

ROBERT E. O'NEILL
United States Attorney

By:  _____
Nicole H. Waid
Assistant United States Attorney
Chief, Fort Myers Division

_____
A. Lee Bentley, III
First Assistant United States Attorney

_____
Yolande Viacava
Assistant United States Attorney
Asset Forfeiture

31

# UNITED STATES DISTRICT COURT

## Middle District of Florida
## Fort Myers Division

## THE UNITED STATES OF AMERICA

### vs.

### JERRY J. WILLIAMS

## INDICTMENT

Violations:

Title 18, United States Code, Sections 371, 656  1005,
1001, 1341, 1343, 1957 and 2.

A true bill,

_Melessa a L_

Foreperson

Filed in open court this 30th day

of March 2011.

_____

Clerk

Bail  $ _____

GPO 863 525